IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 3:21-CR-35-TAV-DCP |
| MARUN M. HENDERSON, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Marun Henderson's Motion to Continue Motion Cut-off and Trial Date [Doc. 18] and Motion for Leave to Seal [Doc. 19], filed on June 8 and 9, 2021, respectively. The parties appeared before the undersigned on June 16, 2021, telephonically for a scheduled pretrial conference and motion hearing. Assistant United States Attorney Brent Nelson Jones appeared telephonically on behalf of the Government. Attorney Steven Scharg appeared telephonically on behalf of Defendant Henderson, who was excused from the hearing.

As an initial matter, Defendant asks the Court to seal the motion to continue [Doc. 18] and a prior motion for leave to extend the motion deadline [Doc. 17] and notes the Government has no objection. Based on the contents of the motions, the Court finds good cause for the motions to remain sealed at this time. Accordingly, Defendant's Motion for Leave to Seal [**Doc. 19**] is **GRANTED**, and the Clerk of Court is directed that the provisionally sealed documents [Docs. 17 & 18] shall remain **SEALED**.

Defendant Henderson moves the Court to continue the June 29, 2021 trial date in this case to allow the parties additional time to pursue plea negotiations. Defendant also notes that his single codefendant in this case has yet to appear. At the June 16 hearing, Mr. Scharg stated that he just received additional discovery from the Government, and he requested that the motion deadline be extended an additional two weeks to permit him to review the new discovery and determine whether pretrial motions should be filed. AUSA Jones stated that the Government did not object to the requested trial continuance or to a further extension of the motion deadline. The parties agreed to a new trial date of December 14, 2021.

The Court finds the motion to continue the trial and schedule is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant Henderson is charged in a two-count Indictment with a codefendant who has yet to enter the case. The Court finds that counsel for Defendant Henderson needs additional time to review newly received discovery, to confer with Defendant, and to prepare and file pretrial motions. The parties are engaged in plea negotiations, but if their negotiations are not fruitful, defense counsel will also need time to prepare the case for trial. These trial preparations cannot be concluded by the June 29 trial date or in less than six months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and schedule [**Doc. 18**] is **GRANTED**, and the trial of this case is reset to **December 14, 2021**. The Court finds that all the time between the filing of the motion to continue on June 8, 2021, and the new trial date of December 14, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §

3161(h)(1)(D) & -(7)(A)-(B).  The Court also sets a new schedule in this case, as set out below.

The Court **ORDERS** as follows:

(1) Defendant's Motion for Leave to Seal [**Doc. 19**] is **GRANTED**, and the Clerk of Court is directed that the provisionally sealed documents [Docs. 17 & 18] shall remain **SEALED**;

(2) Defendant's Motion to Continue Motion Cut-off and Trial Date [**Doc. 18**] is **GRANTED**;

(3) The trial of this matter is reset to commence on **December 14, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the filing of the initial motion on **June 8, 2021,** and the new trial date of **December 14, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing pretrial motions is extended to **July 23, 2021**. Responses to motions are due on or before **August 6, 2021**;

(6) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 15, 2021**;

(7) Motions *in limine* must be filed no later than **November 29, 2021**

(8) The parties are to appear before the undersigned for a final pretrial conference on **November 19, 2021, at 11:00 a.m.**; and

(9) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **December 3, 2020**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3